## ORME RICE COMPANY

*v.*

## CORTES HERMANOS & COMPANY.

---

San Juan, Law, No. 1435.

ELECTION OF REMEDIES.

Election of Remedies—In Artificial Statement.
    Where it is impossible to decide upon the complaint, whether it is drawn upon a contract or upon an arbitration for breach of

Orme Rice Co. v. Cortes Hermanos & Co.

a contract, the plaintiff will be allowed a reasonable time to elect his remedy and restate his complaint.

Opinion filed February 14, 1921.

_Mr. H. F. Besosa_ for plaintiff.

_Messrs. Texidor & de la Haba_ for defendants.

HAMILTON, Judge, delivered the following opinion:

Previously the court on motion of defendants directed that certain paragraphs relating to arbitration of the contract be struck from the complaint. This was done after notice to the plaintiff, but while his attorney was absent. Plaintiff's attorney has asked that this be set aside so that he may have the right to be heard, and the matter now comes up on briefs by both sides. The complaint filed November 22, 1920, counts in the first six paragraphs upon a contract between the plaintiff corporation of Louisiana and the defendant partnership of Porto Rico, being a contract of sale of certain rice, which defendants refused to accept upon arrival. The sixth to the tenth paragraphs, which were previously ordered struck out, relate to an agreed arbitration of the dispute before committees of the San Juan Chamber of Commerce, which it is alleged defendants refused to carry out.

The argument of the plaintiff is that courts favor arbitration, which is undisputable, and that this action is intended as a suit not upon the original contract of sale, but upon the contract of arbitration which has been violated. The defendant

on the other hand claims that the suit is one of damages for breach of contract of sale, and that the paragraphs in question are surplusage and will tend to mislead the minds of the jury by evidence impertinent to the issue. The caption of a pleading is not conclusive, but it ought to have some function in throwing light upon the mind of the pleader. This heading is "Law No. 1435, Breach of Contract, Damages." After a full statement of the contract of sale, there begin in ¶ 6 the allegations as to arbitration designed, it is said, to "harmonize any differences which might exist, if any." Paragraph 11 relates to a resale of the rice, but it is not clear whether it was before or after the arbitration spoken of. It alleges that plaintiff suffered a loss of $4,744.53. Paragraph 12 thereupon alleges that the defendants refused to pay the plaintiffs "the amount of said loss caused by the arbitrary and wilful action in open violation of their contracts with the said plaintiffs." The prayer of the complaint is that the court render judgment in their favor for said amount, with interest, etc.

The plaintiff argues that the contract of sale is mentioned only as an inducement to his real cause of action, the arbitration. If this was the intention, the complaint is inartificially drawn, as seven out of the twelve paragraphs seem to relate to the contract of sale and its alleged breach, and to say the least, the complaint does not definitely sue on the arbitration. The arbitration is not mentioned specifically as ground of suit unless it can come under the word "contracts."

Strictly speaking the construction ought to be against the pleader, but the court will permit the plaintiff to restate his cause of action more definitely. For that purpose the motion to strike will be considered as in the nature of a motion to com-

pel election between two remedies which are both set out, and the plaintiff will be given ten days to reform his complaint so as to claim either upon the contract of sale, omitting the arbitration, or upon the breach of arbitration by some apt words, stating the contract more certainly as a matter of inducement. It is impossible to tell at present which remedy is the main one, and as they both grew out of the same transaction, it is improper to sue upon both at the same time.

It is so ordered.